# EXHIBIT 1
## TO THE NOTICE OF REMOVAL
*COMPLAINT FILED IN STATE COURT*

COMMONWEALTH OF KENTUCKY
McCRACKEN CIRCUIT COURT
DIVISION NO. I
Case No. 18-CI-130



FILED
FEB 22 2018
MCCRACKEN CIRCUIT COURT
PADUCAH, KENTUCKY

KEITH PLUMLEE             PLAINTIFF

VS.

CAESARS ENTERPRISE SERVICES, LLC
WELFARE BENEFIT PLAN             DEFENDANT

       SERVE:    Corporation Service Company
                      Registered Agent
                      421 West Main St.
                      Frankfort, KY 40601
                      By Certified Mail, Return Receipt Requested

## VERIFIED COMPLAINT (ERISA)

Comes now the Plaintiff, Keith Plumlee, by counsel and for his Verified Complaint in this action against the Defendant, states as follows:

### INTRODUCTION

The Plaintiff, Keith Plumlee seeks payment of short term disability benefits under his employer provided plan from the Defendant, which were improperly denied. The Plaintiff brings his claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq., for the payments due to him under his employer provided short term disability plan.

## JURISDICTION AND VENUE

1. The Plaintiff is a resident and domiciliary of McCracken County with a primary residence of 111 Myrna Drive, Paducah, Kentucky 42003. At all times relevant to this action the Plaintiff is a plan participant as defined in 29 U.S.C. Sec. 1002(7).

2. The Defendant is an employee welfare benefit plan as defined in 29 U.S.C. Sec. 1002(1). The Defendant's principal address is One Caesars Palace Drive, Las Vegas, Nevada 89109-4312. Summons should be served as directed in the caption.

3. This is an action under ERISA. ERISA permits a participant to bring a civil action "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan". 29 U.S.C. Sec. 1132(a)(1)(B). In actions for the recovery of benefits or the enforcement of rights under the terms of plan, this Court, as a "[s]tate court of competent jurisdiction," shares concurrent jurisdiction with the federal district courts. 29 U.S.C. Sec. 1132(e)(1).

4. Venue in this Court is appropriate as the Plaintiff is a resident of McCracken County and the events and actions concerning this action occurred primarily in this County.

## COUNT-I

5. The Plaintiff is an employee of Caesars Entertainment, LLC, where he is employed as a dealer on the Harrah's Riverboat and Casino in Metropolis, Illinois. As part of his compensation, the Plaintiff was enrolled in an employee benefit plan, which included coverage for both short term and long term disability benefits.

6. On or about August 7, 2016, the Plaintiff suffered serious physical injuries as a result of an automobile accident. As a result of those injuries the Plaintiff could no longer

carryout his duties to his employer and applied for short term disability benefits through his employer provided short term disability plan. The Plaintiff began receiving those benefits on or about September 9, 2016.

7. On or about November 16, 2016, the plan administrator informed the Plaintiff that the plan would no longer pay any short term disability benefits, unless further proof could be shown that the Plaintiff was not yet ready to return to work. The Plaintiff was then told to contact a specialist for review and short term disability benefits were to be continued at least until the Plaintiff had the opportunity to see the specialist.

8. The Plaintiff was informed by the plan administrator that his benefits would cease on January 19, 2017, which was also the date for the Plaintiff's appointment with the specialist. Following that date the Plaintiff's short term disability benefits ceased. The Plaintiff began the internal administrative appeal process within the required time frame.

9. On August 12, 2017 the plan administrator informed the Plaintiff that his appeal was denied and that the plan would not pay for any short term disability benefits after January 19, 2017. The reason stated was that the medical director did not find the Plaintiff sufficiently impaired or disabled to be unable to perform his work duties.

10. The Plaintiff believes that the plan administrator has failed to consider all relevant medical evidence and therefore the Defendant's decision to deny the Plaintiff short term disability benefits was improper. Essentially the Defendant has failed to thoroughly review all the relevant records from the specialist, which indicate that the Plaintiff's injuries were severe enough to keep him from returning to work until surgery could be done to repair the Plaintiff's shoulder muscle.

11. Moreover the Defendant did not conduct a peer review in this case. From administrative record it appears that they did not seriously pursue accomplishing a peer review with the specialist, Dr. Kibler after only a few scheduling conflicts.

12. The Plaintiff has exhausted his administrative remedies by completion of the internal appeals process as required by 29 U.S.C. Sec. 1133.

13. The Defendant by failing to pay the Plaintiff short term disability benefits after January 19, 2017 has violated ERISA, 29 U.S.C. Sec. 1132(a)(1)(B). Because of this denial, the Plaintiff has had to pay out of pocket, substantial medical expenses related to his treatment and ongoing recovery from the automobile accident and will continue to incur further costs into the future.

14. The Plaintiff has also incurred substantial legal costs in prosecuting this action and would ask the Court for an award of reasonable attorney's fees and costs in this action, which is permitted by ERISA, 29 U.S.C. Sec. 1132(g)(1).

**WHEREFORE**, the Plaintiff, Keith Plumlee prays for the following relief:

A. That the Defendant pay the Plaintiff his short term disability benefits due under the plan after January 19, 2017;

B. That the Plaintiff be reimbursed his fees and costs herein expending including an award of reasonable attorney's fees as permitted by 29 U.S.C. Sec. 1132(g)(1);

C. That summons issue as directed in the caption; and

D. Any and all other relief to which the Plaintiff may be entitled.

Respectfully Submitted,

_____
Dennis L. Null, Jr.
Null, Samson & Paitsel
423 East Broadway/P.O. Box 5040
Mayfield, KY 42066
(270) 247-5737
Attorney for the Plaintiff

## VERIFICATION

The Plaintiff, Keith Plumlee, states under the penalty of perjury that he has read the foregoing Verified ERISA Complaint and knows the contents thereof. That this Verified ERISA Complaint was prepared with the assistance and advice of counsel and is true and accurate to the best of his knowledge and belief.

_____
Keith Plumlee

COMMONWEALTH OF KENTUCKY
COUNTY OF  Graves

Subscribed, sworn, and affirmed before me by Keith Plumlee on this the 16th day of February, 2018.

_____
Pamela K. Crouch
Notary Public, Ky. State-at-Large
My Commission Exp: 10/14/2020